UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITY OF NEW YORK,**<br><br>　　Plaintiff,<br><br>　　　v.<br><br>**BERETTA U.S.A. CORP., et al.,**<br><br>　　Defendants. | Misc. No. 05-0370 (JDB) |

### ORDER

Before the Court is the motion of the United States Department of Justice and United States Department of the Treasury ("the Departments") to quash a subpoena for deposition testimony issued to Brad Buckles, a former director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").[1] The subpoena was served on Buckles by the City of New York in connection with a lawsuit pending in the Eastern District of New York, <u>City of New York v. Beretta U.S.A. Corp.</u>, Civil Action No. 00-CV-3641, in which the City alleges that certain manufacturers and distributors of firearms have contributed to a public nuisance consisting of an illegitimate market for guns purchased by criminals and used in the commission of crimes. The Departments seek to quash the subpoena on the ground that they have denied authorization for Buckles to appear for the deposition pursuant to the Departments' regulations governing testimony by employees and former employees (referred to as <u>Touhy</u> regulations),[2] and the only relief

---

[1] Both Departments are involved because Buckles was the Director of ATF when it was a unit of the Department of Treasury and when ATF was subsequently transferred to the Department of Justice in 2003.

[2] See <u>United States ex rel. Touhy v. Ragan</u>, 340 U.S. 462, 467-69 (1951) (recognizing the authority of an agency to withdraw from employees the power to comply with subpoenas pursuant to validly enacted regulations).

available from that decision is through the filing of an action under the Administrative Procedure Act in this court.[3]  In response, the City contends that the Touhy regulations do not provide a basis for federal agencies to evade a subpoena, and in any event, that they have established that the Departments' denial of authorization is arbitrary and capricious under the APA.

This Circuit has determined that, where an agency has enacted a Touhy regulation and has denied testimony on that basis, a party seeking to enforce a subpoena for the testimony of an agency employee "must proceed under the APA, and the federal court will review the agency's decision not to permit its employee to testify under an 'arbitrary and capricious' standard." Houston Bus. Journal, Inc. v. Dep't of the Treasury, 86 F.3d 1208, 1212 n.4 (D.C. Cir. 1996). This principle has been consistently applied in this court.  See, e.g., Ho v. United States, 374 F. Supp. 2d 82, 83 (D.D.C. 2005) (granting government motion to quash subpoena seeking testimony of employee and denying motion to compel because the party seeking testimony was limited to challenging the denial in a separate action under the APA); Bobreski v. EPA, 284 F. Supp. 2d 67, 73-74 (D.D.C. 2003) (recognizing that "[a] party challenging an agency's Touhy-based denial of a subpoena or request for testimony 'must proceed under the APA'") (quoting Houston Bus. Journal, 86 F.3d at 1212 n.4).

Each of the Departments has enacted Touhy regulations that prevent current or former employees from testifying in cases in which the United States is not a party, absent authorization from the appropriate government official.  See 31 C.F.R. § 1.11(c); 28 C.F.R. § 16.22(a). Therefore, it is clear that Houston Bus. Journal governs the outcome of this case -- a point that the City does not directly dispute.

---

[3] See Letter from Schachner to Nugent (Sept. 26, 2005) (Departments' denial of City's Touhy request for authorization of Buckles' testimony) (Ex. B to Mot. to Quash).

The City contends that the Departments' decision is nonetheless properly before the Court for review under the APA because the Departments have invoked the jurisdiction of this Court in moving to quash the subpoena.  The City thus asks the Court to resolve on the merits whether the Departments' decision is arbitrary and capricious under the APA.   The Court finds judicial review of the merits of the Departments' decision to be without basis in this collateral proceeding arising solely from a motion to quash.  As the party seeking judicial relief, the City bears the burden of filing an action for relief -- and such relief cannot be obtained simply by responding to the motion of the affected agency.  This is confirmed by sections 702 and 703 of the APA addressing "right of review" and "form and venue of proceeding," respectively.  Section 702 refers to the right of persons aggrieved by agency action to pursue "[a]n action in a court of the United States seeking relief" and further specifies that "the United States may be named as a defendant in any such action."  Consistent therewith, section 703 also refers to a separate action against the United States as defendant:  "If no special statutory review proceeding is applicable, the action for judicial review may be brought against the United States."  The requirement to bring an action against the United States to obtain relief from an agency action cannot be discarded for reasons of expediency.

Accordingly, it is hereby

**ORDERED** that the Departments' motion to quash is **GRANTED**; and it is further

**ORDERED** that the subpoena directed to Brad Buckles is **QUASHED.**

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated:   October 20, 2005